Michael A. Faillace
Michael Faillace & Associates, P.C.
60 East 42nd St., Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X
JUAN OCHOA PEREZ , *individually and on behalf of others similarly situated,*

          *Plaintiff,*

        -against-

GARDEN ORGANIC DRY CLEANERS INC. (d/b/a
GARDEN CLEANERS), JIMMY CHONG,  and
CHRISTINE LEE,

          *Defendants.*
-------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

      Plaintiff Juan Ochoa Perez , individually and on behalf of others similarly situated ("Plaintiff Ochoa"), by and through his attorneys, Michael Faillace & Associates, P.C., upon information and belief, and as against each of Defendants Garden Organic Dry Cleaners Inc. (d/b/a/ Garden Cleaners) ("Defendant Corporation"), Jimmy Chong and Christine Lee (collectively, "Defendants"), alleges as follows:

### NATURE OF ACTION

      1.     Plaintiff was an employee of Defendants Garden Organic Dry Cleaners Inc. (d/b/a Garden Cleaners), Jimmy Chong, and Christine Lee (collectively, "Defendants").

2.      Upon information and belief, Defendants owned, operate or control a full service cleaner which operates under the name Garden Cleaners and is located at 2541 Seventh Avenue, New York, New York 10039.

3.      Upon information and belief individual Defendants, Jimmy Chong and Christine Lee,  serve as owners, managers, principal and/or agents of Garden Organic Dry Cleaners Inc. (the "Defendant Corporation"), and through this corporate entity operate a full service laundry and cleaner business (Garden Cleaners), as a joint or unified enterprise.

4.      Plaintiff Ochoa is a former employee of Defendants.

5.      Plaintiff Ochoa worked at a full service laundry and cleaner located at 2541 Seventh Avenue, New York, New York 10039, where he ironed clothes.

6.      Plaintiff Ochoa regularly worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for any of the hours over 40 per week that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of his hours worked, failed to pay Plaintiff Ochoa appropriately for any hours worked over 40 in a week.

8.      Defendants' conduct extended beyond Plaintiff Ochoa to all other similarly situated employees.

9.      At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Ochoa and other employees to work in excess of forty (40) hours per week without providing overtime compensation required by federal and state law and regulations.

10.     Plaintiff Ochoa now brings this action on behalf of himself and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law ("NYLL") §§190 and 650 *et seq.*, and

"overtime wage order" respectively codified at N.Y.C.R.R. Tit. 12 §§ 142-2.2, 2.4), including applicable liquidated damages, interest, attorneys' fees and costs.

11.     Plaintiff Ochoa seeks certification of this action as a collective action on behalf of himself individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION and VENUE

12.     This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1531 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Ochoa's state law claims is conferred by 28 U.S.C. § 1367(a).

13.     Venue is proper in this district under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their businesses in this district, and Plaintiff Ochoa  was employed by Defendants in this district.

## PARTIES

*Plaintiff*

14.     Plaintiff Juan Ochoa Perez ("Plaintiff Ochoa" or "Mr. Ochoa") is an adult individual residing in Bronx County, New York. Plaintiff Ochoa was employed by Defendants from approximately February 8, 2016 until on or about September 23, 2017.

15.     At all relevant times to this complaint, Plaintiff Ochoa was employed by Defendants to iron clothes at Garden Cleaners located at 2541 Seventh Avenue, New York, New York 10039.

16.     Plaintiff Ochoa consents to being party Plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

17.     Defendants own, operate, and/or control a full service Laundry and cleaner located at 2541 Seventh Avenue, New York, New York 10039, under the name "Garden Cleaners".

18.     Upon information and belief, Defendant Garden Organic Dry Cleaners Inc. ("Garden Cleaners" or "Defendant Corporation") is a corporation organized and existing under the laws of the State of New York.

19.     Upon information and belief, Defendant Corporation maintains its principle place of business at 2541 Seventh Avenue, New York, New York 10039.

20.      Defendant Jimmy Chong is an individual who is engaged in business within this judicial district during the relevant time period.

21.     Defendant Jimmy Chong is sued individually and in his capacity as owner, officer and/or agent of Defendant Corporation.

22.     Defendant Jimmy Chong possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

23.     Defendant Jimmy Chong determined the wages and compensation of the employees of Defendants, including Plaintiff Ochoa, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

24.     Defendant Christine Lee is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

25.    Defendant Christine Lee is sued individually and in her capacity as owner, officer and/or agent of Defendant Corporation.

26.    Defendant Christine Lee possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

27.    Defendant Christine Lee determined the wages and compensation of the employees of Defendants, including Plaintiff Ochoa, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

28.    Defendants operated a full service laundry and cleaner located in the Sugar Hill section of Manhattan in New York City.

29.    At all relevant times, Individual Defendants, Jimmy Chong and Christine Lee possessed operational control over Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

30.    Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

31.    At all relevant times, each Defendant possessed substantial control over Plaintiff Ochoa's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Ochoa, and all similarly situated individuals, referred to herein.

32.     Defendants jointly employed Plaintiff Ochoa , and all similarly situated individuals, and are Plaintiff Ochoa's  (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

33.     In the alternative, Defendants constitute a single employer of Plaintiff Ochoa and/or similarly situated individuals.

34.     Upon information and belief, Individual Defendants Jimmy Chong and Christine Lee operate Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves by, among other things:

> (a)     failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

> (b)     defectively forming or maintaining Defendant Corporation by, among other things, failing to hold annual meetings or maintaining appropriate corporate records;

> (c)     transferring assets and debts freely as between all Defendants;

> (d)     operating Defendant Corporation for their own benefit as the sole or majority shareholders;

> (e)     operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

> (f)     intermingling assets and debts of their own with Defendant Corporation;

> (g)     diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

> (h)     other actions evincing a failure to adhere to the corporate form.

35.     At all relevant times, Defendants were Plaintiff Ochoa's employers within the meaning of the FLSA and NYLL.

36.     Defendants had the power to hire and fire Plaintiff Ochoa, controlled the terms and conditions of his employment, and determined the rate and method of any compensation in exchange for Plaintiff Ochoa's services.

37.     In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

38.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were used in the full service dry cleaner on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

39.     Plaintiff Ochoa is a former employee of Defendants primarily employed in ironing clothes.

40.     Plaintiff Ochoa seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff Juan Ochoa Perez*

41.     Plaintiff Ochoa was employed by Defendants from approximately February 8, 2016 until on or about September 23, 2017.

42.      At all relevant times, Plaintiff Ochoa was employed by Defendants to perform the duties of ironing clothes.

43.     Plaintiff Ochoa regularly handled goods in interstate commerce, such as starches and other cleaning agents necessary to perform the work that were produced outside of the State of New York.

44.      Plaintiff Ochoa's work duties required neither discretion nor independent judgment.

45.     Throughout his employment with Defendants, Plaintiff Ochoa regularly worked in excess of 40 hours per week.

46.     From approximately February 8, 2016 until on or about June 2017, Plaintiff Ochoa regularly worked from approximately 7:00 a.m. until on or about 5:00 p.m. Mondays through Fridays and from approximately 8:00 a.m. until on or about 3:00 p.m. on Saturdays (typically 57 hours per week).

47.     From approximately June 2017 until on or about September 23, 2017, Plaintiff Ochoa worked from approximately 7:00 a.m. until on or about 3:00 p.m. Mondays through Fridays and from approximately 8:00 a.m. until on or about 2:00 p.m. on Saturdays (typically 46 hours per week).

48.     Throughout his employment with Defendants, Plaintiff Ochoa was paid his wages in a combination of check and cash.

49.     From approximately February 8, 2016 until on or about June 2016, defendants paid Plaintiff Ochoa a fixed salary of $600 per week ($300 by check and $300 in cash).

50.     From approximately June 2016 until on or about June 2017, defendants paid Plaintiff Ochoa a fixed salary of $700 per week ($300 by check and $400 in cash).

51.     From approximately June 2017 until on or about September 23, 2017, defendants paid Plaintiff Ochoa a fixed salary of $750 per week ($300 by check and $450 in cash).

52.     Plaintiff Ochoa's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

53.     For example, Defendants required Plaintiff Ochoa to work 30 minutes past his scheduled departure time every day without paying him any additional compensation for the additional time he worked.

54.     Defendants only granted Plaintiff Ochoa a 15 minute meal break.

55.     Plaintiff Ochoa was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

56.     No notification, either in the form of posted notices, or other means, was given to Plaintiff Ochoa regarding wages as required under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Ochoa with each payment of wages a statement of wages, as required by NYLL 195(3).

58.     Defendants did not give any notice to Plaintiff Ochoa, in English and in Spanish (Plaintiff Ochoa's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59.     Defendants regularly required Plaintiff Ochoa to work in excess of forty (40) hours per week without paying him the required overtime compensation.

60.     At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Ochoa  and all similarly situated employees to work in excess of forty (40)

hours per week without paying them appropriate overtime compensation, as required by federal and state laws.

61.    Plaintiff Ochoa, and upon information and belief, all similarly situated employees, were paid week to week at the same flat rate of pay regardless of the actual hours worked.

62.    Defendants' pay practices resulted in Plaintiff Ochoa not receiving payment for all his hours worked, resulting in Plaintiff Ochoa's effective rate of pay falling below the required overtime wage rate.

63.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

64.    Defendants always paid Plaintiff Ochoa all his wages in a combination of check and cash.

65.    Defendants did not post required wage and hour posters in the full service laundry and cleaner.

66.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ochoa (and similarly situated individuals) worked, and to avoid paying Plaintiff Ochoa properly for his full hours worked and for overtime wages due.

67.    Plaintiff Ochoa has been a victim of Defendants' common policy and practices violating his rights under the FLSA and New York Labor Law by *inter alia*, not paying him the wages he was owed for the hours he had worked.

68.    As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Ochoa by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

69.    Defendants failed to provide Plaintiff Ochoa and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

70.    Defendants failed to provide Plaintiff Ochoa and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## **FLSA COLLECTIVE ACTION CLAIMS**

71.    Plaintiff Ochoa brings his FLSA overtime and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Garden Cleaners (the "FLSA Class").

72.     At all relevant times, Plaintiff Ochoa  and other members of the FLSA Class who are and/or have been similarly situated, have had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

73.     The claims of Plaintiff Ochoa stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

74.      Plaintiff Ochoa repeats and realleges all paragraphs above as though fully set forth herein.

75.     Defendants, in violation of the FLSA, failed to pay Plaintiff Ochoa  (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

76.     Defendants' failure to pay Plaintiff Ochoa (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

77.      Plaintiff Ochoa (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE
## LABOR LAW

78.     Plaintiff Ochoa repeats and realleges all paragraphs above as though fully set forth herein.

79.     Defendants, in violation of N.Y. Lab. Law § 1§190 and 650 et seq., and "overtime wage order" codified at N.Y.C.R.R. Tit. 12 § 142-2.2, *et seq.* and supporting regulations, failed to pay Plaintiff Ochoa overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

80.     Defendants' failure to pay Plaintiff Ochoa (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

81.     Plaintiff Ochoa (and the FLSA Class Members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NOTICE and RECORDKEEPING
### REQUIREMENTS OF THE NEW YORK LABOR LAW

82.     Plaintiff Ochoa repeats and realleges all paragraphs above as though fully set forth herein.

83.     Defendants failed to provide Plaintiff Ochoa  with a written notice, in English and in Spanish (Plaintiff Ochoa's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

84.     Defendants are liable to Plaintiff Ochoa in the amount of $5,000, together with costs and attorneys fees.

### FOURTH CAUSE OF ACTION
### VIOLATION OF THE WAGE STATEMENT PROVISIONS
### OF THE NEW YORK LABOR LAW

85.     Plaintiff Ochoa repeats and realleges all paragraphs above as though set forth fully herein.

13

86.     Defendants did not provide Plaintiff Ochoa with wage statements upon each payment of wages, as required by NYLL 195(3).

87.     Defendants are liable to Plaintiff Ochoa in the amount of $5,000, together with costs and attorneys fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Ochoa respectfully request that this Court enter judgment against Defendants:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiff in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ochoa and the FLSA class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ochoa's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Ochoa and the FLSA class members;

(e)     Awarding Plaintiff Ochoa and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Ochoa  and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for

any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the overtime provisions and associated rules and regulations under the NYLL as to Plaintiff Ochoa  and the FLSA class members;

(h)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Ochoa's  and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(i)     Declaring that Defendants' violations of the New York Labor Law were willful as to Plaintiff Ochoa  and the FLSA Class members;

(j)     Awarding Plaintiff Ochoa  and the FLSA class members damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(k)     Declaring that Defendants violated the provisions of section 191 of the NYLL;

(l)     Awarding Plaintiff Ochoa and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(m)     Awarding Plaintiff Ochoa  and the FLSA class members pre-judgment and post-judgment interest as applicable;

(n)      Awarding Plaintiff Ochoa and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(o)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is

15

then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen

percent, as required by NYLL § 198(4); and

(p)      All such other and further relief as the Court deems just and proper.

JURY DEMAND

Plaintiff Ochoa demands a trial by jury on all issues triable by a jury

Dated: New York, New York
        October 3, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

/s/ Michael Faillace
By:    Michael A. Faillace
       60 East 42nd St., Suite 4510
       New York, New York 10165
       (212) 317-1200
       *Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

September 29, 2017

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Juan Ochoa Perez

Legal Representative / Abogado:   Michael Faillace & Associates, P.C.

Signature / Firma:

Date / Fecha:                     29 de septiembre de 2017

*Certified as a minority-owned business in the State of New York*